## JEWEL WILLIAMS v. STATE.

No. A-2405.   Opinion Filed December 2, 1915.

(152 Pac. 1135.)

1. **RAPE—Information—Sufficiency Against General Demurrer.** An information which after alleging venue and time charges that the defendant did then and there commit the crime of statutory rape, in the manner and form as follows: ''did wilfully, unlawfully, and feloniously have voluntary sexual intercourse with H. W., an unmarried female under the age of sixteen years and not the wife of the said J. W., he the said J. W. then and there being over the age of eighteen years at the time the alleged act of sexual intercourse was committed, contrary to, etc.,'' sufficiently charges the crime of statutory rape and a demurrer thereto was properly overruled.

2. **SUFFICIENCY OF EVIDENCE.** Evidence on a trial for statutory rape held sufficient to sustain the verdict and judgment of conviction, and that no material error was committed upon the trial.

*Appeal from District Court, Stephens County;*
*Frank M. Bailey, Judge.*

Jewel Williams was convicted of statutory rape, and appeals. Affirmed.

*Womack & Brown,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error was tried and convicted on an information charging that he "did wilfully, unlawfully and feloniously have voluntary sexual intercourse with

Rosa Williams, an unmarried female under the age of sixteen years, and not the wife of said Jewel Williams. He, the said Jewel Williams then and there being over the age of eighteen years at the time the alleged act of sexual intercourse was committed, contrary to, etc."

The jury assessed the punishment at imprisonment in the penitentiary for one year and one and one-half months. In pursuance of the verdict the court rendered judgment on the 27th day of November, 1914.

From the judgment an appeal was taken by filing in this court on February 26th, 1915, a petition in error with case-made.

From the evidence given upon the trial it appears that the prosecutrix, Rosa Williams, lived with her parents near the town of Doyle, in Stephens county, and at the time the offense charged is alleged to have been committed was in her fifteenth year; that the defendant Williams resided in the same community, and was in his twentieth year. She testified that he had been keeping "company" with her for more than two years. That he accomplished three acts of sexual intercourse with her by force and against her will; the first in May, the other two in June, 1913. That they were engaged to be married at the time. That the following 17th day of August, was her sixteenth birthday. That as the result of the defendant's conduct, she became pregnant and gave birth to a child on the 24th day of March, 1914.

The defendant as a witness in his own behalf testified that his first and only act of sexual intercourse with the prosecutrix occurred on the 13th day of July, 1913, and was with her consent; that he was twenty years of age at the time; that two or three weeks before the baby was born he procured a marriage license and offered to marry her.

From the record it appears that no criminal complaint was filed against the defendant until March 21st, 1914.

The errors assigned are the usual ones, that the verdict is contrary to law and to the evidence, and that the court erred in overruling the demurrer to the information.

We are of the opinion that the information is a good one and the demurrer thereto was very properly overruled. The record discloses that the testimony of the defendant in his own behalf is in effect a plea of guilty as charged. The evidence was submitted to the jury under an unexceptional charge and no ground for reversal of the judgment rendered on the verdict as disclosed by the record. We therefore conclude that the judgment of conviction should be and the same is hereby affirmed.

FURMAN and ARMSTRONG, JJ., concur.